IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **REGINALD CHARLES SLACK,** § | | |
| Petitioner, § | | |
| § | | |
| v. § | | Civil Action No. 4:06-CV-670-Y |
| § | | |
| **NATHANIEL QUARTERMAN, Director,** § | | |
| **Texas Department of Criminal Justice,** § | | |
| **Correctional Institutions Division,** § | | |
| Respondent. § | | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

## I. FINDINGS AND CONCLUSIONS

### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

### B. PARTIES

Petitioner Reginald Charles Slack, TDCJ # 772064, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Tennessee Colony, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

### C. FACTUAL AND PROCEDURAL HISTORY

On November 22, 1996, in cause numbers 0606510D, 606511D and 0605687D, a jury found

Slack guilty of two charges of aggravated robbery with a deadly weapon and one charge of robbery by threats in the 372nd District Court of Tarrant County, Texas. (1Transcript at 99; 2Transcript at 99; 3Trasnscript at 102.)[1] On December 18, 1997, the Second District Court of Appeals of Texas affirmed the trial court's judgments in cause numbers 06065511D and 0605687D, reversed the trial court's judgment in cause number 06065510D, and remanded the case to the trial court for a new punishment hearing in cause number 06065510D. *Slack v. Texas*, Nos. 02-97-145-CR, 02-97-146-CR & 02-97-147-CR, slip op. (Tex. App.–Fort Worth Dec. 18, 1997) (not designated for publication). Following remand, on December 30, 1997, Slack filed a petition for discretionary review in the Texas Court of Criminal Appeals, which was refused on April 1, 1998.[2] *Slack v. Texas*, PDR No. 0201-98. Slack did not seek writ of certiorari. (Petition at 3.)

On July 16, 2004, Slack filed three applications for writ of habeas corpus in state court, one for each conviction, which were denied by the Texas Court of Criminal Appeals on the findings of the trial court on December 1, 2004. *Ex parte Slack*, Application Nos. 51,108-02, 51,108-03 & 51,104. Slack filed this federal petition for writ of habeas corpus on September 21, 2006.[3] Quarterman has filed a preliminary response and documentary exhibits addressing only the issue of

---

[1] "1Transcript" refers to the trial court transcript in cause number 0606510D; "2Transcript" refers to the trial court transcript in cause number 606511D; and "3Transcript" refers to the trial court transcript in cause number 0605687D.

[2] Quarterman mistakenly asserts that, by his own admission, Slack did not file a petition for discretionary review. (Resp't Preliminary Resp. at 3.) Although it appears Slack filed his petition for discretionary review only as to the appellate court's affirmance of the trial court's judgments in cause numbers 0606511D and 0605687D, such a distinction makes no difference to the recommended disposition of this action.

[3] In his petition, Slack does not indicate the date he placed the petition in the prison mailing system, therefore he is not given the benefit of the mailbox rule. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

limitations, to which Slack has not timely replied.

### D. ISSUES

In four grounds, Slack attacks his 1998 convictions. (Petition at 7.)

### E. STATUTE OF LIMITATIONS

Title 28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § 2244(d)(1)-(2).

Because Slack is attacking his 1998 convictions, subsection (A) governs when the limitations period in this case began to run, *viz.,* the date on which the judgments of conviction became final

3

by the expiration of the time for seeking direct review.[4] For purposes of this provision, Slack's convictions became final and the one-year limitations period began to run upon expiration of the time that Slack had for seeking certiorari in the United States Supreme Court on June 30, 1998, and closed one year later on June 30, 1999, absent any applicable tolling. Slack's state habeas applications, filed after expiration of the federal limitations period, did not operate to toll the running of the federal period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000); *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998). Slack's federal petition was due on or before June 30, 1999. His petition, filed on September 21, 2006, over seven years later, was filed beyond the limitations period and is untimely.[5]

## II. RECOMMENDATION

Slack's petition for writ of habeas corpus should be dismissed with prejudice as time-barred.

### III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been

---

[4]There are no allegations that the state imposed an unconstitutional impediment to the filing of Slack's petition for federal relief, that the Supreme Court has announced a new rule(s) applicable to Slack's claim, or that the factual predicate of his claims could not have been discovered sooner through the exercise of due diligence. Therefore, the statutory exceptions embodied in § 2244(d)(1)(B)-(D) do not apply.

[5]Slack does not raise the issue nor does the court find that this is a case where the petitioner should benefit from equitable tolling, which is available only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Slack has asserted no justification for his failure to timely file his federal habeas corpus petition, and the record reveals none.

served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until January 4, 2007. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until January 4, 2007, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED December 14, 2006.

    /s/ Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE