IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

REGINALD CHARLES SLACK,            §
    Petitioner,                    §
                                  §
VS.                                §   CIVIL ACTION NO.4:06-CV-670-Y
                                  §
NATHANIEL QUARTERMAN, Director,    §
T.D.C.J.,Correctional             §
Institutions DIV.,                §
    Respondent.                    §

ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND CONCLUSIONS

In this action brought by petitioner Reginald Charles Slack under 28 U.S.C. § 2254, the Court has made an independent review of the following matters in the above-styled and numbered cause:

    1.    The pleadings and record;

    2.    The proposed findings, conclusions, and recommendation of the United States magistrate judge filed on December 14, 2006; and

    3.    The Petitioner's written objections to the proposed findings, conclusions and recommendation of the United States magistrate judge filed on January 3, 2006.

The Court, after _de novo_ review, concludes that Petitioner's objections must be overruled,[1] and that the petition for writ of

---

[1]Slack writes in his objections that failure to consider his petition is a denial of "his fundamental rights the Constitutional Fathers prescribed to its natural born citizens," and "impedes upon his fundamental rights." To the extent these arguments are that the § 2244 limitations period is an unconstitutional suspension of the right to petition for a writ habeas corpus, the Court of Appeals for the Fifth Circuit has rejected this argument:

The 1-year limitations period of the AEDPA does not violate the Suspension Clause of Art. 1, § 9 [of the Constitution] unless it "renders the habeas remedy 'inadequate or ineffective' to test the legality of detention." [Petitioner] has not shown how the limitations period made the habeas remedy inadequate or ineffective for him, since nothing prevented him from filing a petition before the limitations period expired. _See Molo v. Johnson_, 207 F.3d 773, 775 (5th Cir.2000) (citation omitted); _see generally Wyzkowski v. Department of Corrections_, 226 F.3d 1213, 1217 (11th Cir.2000) ("[e]very court which has addressed the issue-- i.e., whether, as a general matter, § 2244(d) constitutes an unconstitutional suspension of the writ-has concluded that it does not") (multiple citations omitted).

habeas corpus should be dismissed with prejudice as time-barred under 28 U.S.C. § 2244, for the reasons stated in the magistrate judge's findings and conclusions.

Therefore, the findings, conclusions, and recommendation of the magistrate judge are ADOPTED.

Petitioner Reginald Charles Slack's petition for writ of habeas corpus is DISMISSED WITH PREJUDICE.

SIGNED January 4, 2007.


_Terry R. Means_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

Furthermore, application of the statute of limitations does not violate the Ex Post Facto Clause. *See United States v. Flores*, 135 F.3d 1000, 1004-05 (5th Cir.1998).